# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF  CALIFORNIA

| | |
|---|---|
| In re DAVID PRESTON ADDINGTON, <br><br> Debtor <br><br><br> HUMBOLDT GROWERS NETWORK, INC., a California corporation, <br><br> and <br><br> TOBIAS DODGE, an individual, <br><br> Plaintiffs <br><br> v. <br><br> DAVID PRESTON ADDINGTON, <br><br> Defendant/Debtor | Case No. 25-40890 <br><br> Chapter 11 <br><br> Adversary Proceeding No. <br><br> _____ |

## COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT

Plaintiffs Humboldt Growers Network, Inc. and Tobias Dodge ("Plaintiffs"), as plaintiffs in the above-captioned adversary proceeding, by and through its undersigned counsel, files this Complaint objecting to the dischargeability of a certain debt of David Preston Addington ("Defendant") and respectfully alleges, upon knowledge, information, and belief, as follows:

## NATURE OF THE ACTION

1.      This adversary proceeding is brought to object to the dischargeability of a debt owed to Plaintiffs in the Chapter 11 bankruptcy case of Defendant, Case Number 25-40890, pending in the U.S. Bankruptcy Court for the Northern District of California. The debt should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

## JURISDICTION AND VENUE

2.      This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Northern District of California (the "Court"), captioned In re David Preston Addington, Case No. 25-40890, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      This action is brought as an adversary proceeding pursuant to Rule 7001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") related to the bankruptcy case pending before this Court.

4.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Plaintiffs consent to the entry of final orders or judgment by the Court in this adversary proceeding.

5.      Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

6.      The statutory predicates for the relief requested herein are Section 523 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 7001(d) and 4007.

## PARTIES

7. Plaintiff Humboldt Growers Network, Inc., is a California corporation with its principal place of business in San Francisco, California. Plaintiff Tobias Dodge is an individual residing in the County of San Francisco, California.

8. Defendant is an individual with a residence at 298 Saint James, Piedmont, California and is the Chapter 11 debtor in the above-captioned case pending before this Court.

## BACKGROUND

9. On May 21, 2025 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Court.

10. As of the Petition Date, Plaintiffs are the holders of a secured claim against the Debtor in the amount of $2,580,000.00 (the "Debt").

11. The Debt arises from a final judgment entered in favor of Plaintiffs and against Debtor, after a 12-day court trial in Sonoma County Superior Court case No. SCV-264723, entitled *David Addington, etal. v. Ridgeway Distribution LLC, etal.* and related cross-complaints ("Final Judgment"). Abstracts of Judgment were recorded in Alameda County, California on March 20, 2024, and June 7, 2024.

12. Plaintiffs are creditors in this proceeding, having filed timely proofs of claim on July 8, 2025 in the amount of $2,580,000.00 representing the Debt (Claim Nos. 2 and 3).

13. Pursuant to this Court's Order and Bankruptcy Rule 4007(c), the deadline to file a complaint to determine the dischargeability of the Debtor's debts is August 22, 2025. This Complaint is therefore timely filed under Bankruptcy Rule 4007(c).

## THE FINAL JUDGMENT

14. The Sonoma County Superior Court entered its Final Judgment on January 8, 2024. Debtor filed Motions for New Trial, which were denied by the trial court. Debtor then filed three (consolidated) appeals of the Final Judgment in the California First District Court of Appeals ("Appeals Court").

15. The Appeals Court dismissed Debtor's appeal on April 22, 2025.[1] Debtor's Petition for Rehearing was denied by the Appeals Court on May 20, 2025.

## THE TRIAL COURT FOUND DEBTOR COMMITTED MULTIPLE ACTS OF CONVERSION AND TRESPASS, AND COMMITTED BATTERY, CONSTITUTING INTENTIONAL INTERFERENCE WITH PLAINTIFFS' BUSINESS.

16.     The Final Judgment was based on the following findings from the trial court's Statement of Decision:

---

[1] California law states that an involuntary dismissal operates as an affirmance of the trial court judgment. *County of Fresno v. Shelton* (1998) 66 Cal.App. 4th 996, 1005.

a. Debtor committed conversion by preventing Humboldt from having access to $1 million of its products; by placing Humboldt's products behind keypad locked steel doors.

b. Debtor committed conversion by selling Humboldt's products without consent, payment, or documentation, then denied doing so despite photographic proof.

c. Debtor committed trespass by wrongfully excluding Humboldt from use of multiple areas designated for common use, making the unsupported claim that they were part of Debtor's business' leased space, and locking Humboldt out of the premises.

d. Debtor told Tobias Dodge and other subtenants that it was "his building."

e. Debtor committed trespass by locking Humboldt out of the entire building; by putting a chain-lock on the front door, then changing the front door locks after posting eviction notices.

f. Debtor committed battery on Steve Dodge (Humboldt co-owner and Tobias' father) in front of multiple witnesses: "[Debtor] grabbed Mr. Dodge by the shirt and slammed him into the wall and Mr. Dodge fell over."

g. Debtor engaged in a "hostile takeover" of the leased premises, taking forcible possession of shared spaces and taking over the facility for his own use.

h. When Tobias Dodge told Debtor that his restrictions were forcing Humboldt to turn away business and lose accounts, Debtor's response boiled down to "I don't care."

i.　　When all the subtenants proposed a revised premises layout that gave Debtor's business the largest space and asked if Debtor would agree to it, Debtor responded with a one-word email: "No."

j.　　The trial court concluded Plaintiffs proved every element of the claim that Debtor committed the tort of Intentional Interference with Prospective Business Relations.

k.　　The trial concluded Plaintiffs proved every element of the claim that Debtor breached the Implied Covenant of Good Faith and Fair Dealing.[2]

l.　　The trial court concluded that Debtor intended to disrupt Plaintiffs' relationships or knew that disruption of the relationships were certain or substantially certain to occur.

m.　　The trial court concluded that Plaintiffs' relationships were disrupted; that Plaintiffs were harmed by the disrupted relationships, and that Debtors' conduct was a substantial factor in causing Plaintiffs' harm.

**COUNT I**

**(For a Determination That the Debt is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(6))**

---

[2] "Good faith" means "honesty of purpose without any intention to mislead or to take unfair advantage of another." Judicial Council of California Civil Jury Instructions (CACI), Instruction No. 325.

Plaintiffs repeat, reallege, and incorporate by reference herein the allegations contained in paragraphs 1. through 16 of the Complaint as though fully set forth in this first cause of action.

17.     The Debt is the result of the willful and malicious action committed by Defendant as described above.

18.     The above-actions of Defendant were made with the intent to injure Plaintiffs.

19.     As a proximate result of Defendant's willful and malicious actions, Plaintiffs sustained substantial loss and damages, totaling $2,580,000.00.

20.     The above facts, findings and conclusions contained in the Statement of Decision and Final Judgment are entitled to preclusive effect.

21.     In view of the foregoing, it is respectfully requested that this Court enter an Order excepting the Debt from discharge under 11 U.S.C. § 523(a)(6).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against Defendant denying Defendant a discharge of the Debt under 11 U. S. C. § 523(a)(6) and granting such other and further relief as the Court deems just and proper.

                                        Dated: August 19, 2025

ROSS B. JONES, ATTORNEY AT LAW

By: Ross B. Jones

Calif. SBN 120593
131A Stony Circle, Ste. 500
Santa Rosa, CA  95401
707-524-9433
ross@rossjoneslaw.com