MATTHEW D. METZGER (SBN 240437)
mmetzger@belvederelegal.com
**BELVEDERE LEGAL, PC**
1777 Borel Place, Suite 314
San Mateo, CA 94402
Telephone: (415) 513-5980
Facsimile:  (415) 513-5985

Attorney for Defendant David Preston Addington

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re | Case No. 25-40890 WJL 11 |
| DAVID PRESTON ADDINGTON | Chapter 11 |
| Debtor. | A.P. No.  25-04032 |
| SSN:  XXX-XX-3795 | |
| HUMBOLDT GROWERS NETWORK, INC., a California corporation, and TOBIAS DODGE, an individual, | **ANSWER TO COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT** |
| Plaintiffs. vs. | **Complaint Filed: August 21, 2025** |
| DAVID PRESTON ADDINGTON | **Date:** **Time:** **Place:**  In Person or via Zoom/AT&T Teleconference Courtroom 220 1300 Clay St., Room 220 Oakland, California |
| Defendant | **Judge:** Hon. William J. Lafferty, III |

Reserving all rights and remedies, DAVID PRESTON ADDINGTON ("Defendant" and "Counterclaimant") in the above-captioned Adversary Proceeding No. 25-04032 ("Adversary Proceeding"), hereby, answers and raises affirmative defenses to the Complaint to Object to Dischargeability of Debt, Dkt. # 1 (the "Complaint" or "Compl.") filed by Plaintiffs HUMBOLDT GROWERS NETWORK, INC., a California corporation, and TOBIAS DODGE, an individual, as follows:

**<u>NATURE OF THE ACTION</u>**

1. Answering ¶ 1, Defendant ADMITS ONLY that ". . .[t]his adversary proceeding is brought to object to the dischargeability of a debt owed to Plaintiffs in the Chapter 11 bankruptcy case of Defendant, Case Number 25-40890, pending in the U.S. Bankruptcy Court for the Northern District of California."   Defendant DENIES THAT the debt should be excepted from discharge pursuant to 11 11 U.S.C. § 523(a)(6)

**<u>JURISDICTION AND VENUE</u>**

2. Answering ¶ 2, Defendant ADMITS that ". . . [t]his court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Northern District of California (the "Court"), captioned In re David Preston Addington, Case No. 25-40890, pursuant to 28 U.S.C. §§ 157 and 1334(b)."

3. Answering ¶ 3, Defendant ADMITS that "[t]his action is brought as an adversary proceeding pursuant to Rule 7001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") related to the bankruptcy case pending before this Court."

4. Answering ¶ 4, Defendant ADMITS that ". . . [t]his adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)." **<u>Defendant consents to entry of a final judgment or order by the Bankruptcy Court in this Adversary Proceeding.</u>**

5. Answering ¶ 5, Defendant ADMITS that ". . . [v]enue is proper before this Court under 28 U.S.C. §§ 1408 and 1409."

6. Answering ¶ 6, Defendant ADMITS that ". . . [t]he statutory predicates for the relief requested herein are Section 523 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 7001(d) and 4007."

**PARTIES**

7. Answering ¶ 7, Defendant ADMITS that ". . . Plaintiff Humboldt Growers Network, Inc., is a California corporation with its principal place of business in San Francisco, California. Plaintiff Tobias Dodge is an individual residing in the County of San Francisco, California."

8. Answering ¶ 8, Defendant ADMITS that " . . . Defendant is an individual with a residence at 298 Saint James, Piedmont, California and is the Chapter 11 debtor in the above-captioned case pending before this Court."

**BACKGROUND**

9. Answering ¶ 9, Defendant ADMITS that " . . . [o]n May 21, 2025 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Court."

10. Answering ¶ 10, Defendant DENIES that " . . .[a]s of the Petition Date, Plaintiffs are the holders of a secured claim against the Debtor in the amount of $2,580,000.00 (the "Debt")." Defendant ADMITS THAT Plaintiffs hold a pre-petition state court judgment in the amount of $2,580,000.00 with joint and several liability against David Addington and Piner Partners, GP. Defendant DENIES that Plaintiffs hold a valid, perfected security interest as of the May 21, 2025 Petition Date.

11. Answering ¶ 11, Defendant ADMITS that ". . . [t]he Debt arises from a final judgment entered in favor of Plaintiffs and against Debtor, after a 12-day court trial in Sonoma County Superior Court case No. SCV-264723, entitled *David Addington, et al. v. Ridgeway Distribution LLC, et al. and related cross-complaints* ("Final Judgment")" (hereinafter "State Court Suit"). Defendant ADMITS that an Abstract of Judgment were recorded in Alameda County, California on June 7, 2024. Defendant is unable to confirm and on that basis DENIES that an abstract of judgment was recorded March 20, 2024.

12. Answering ¶ 12, Defendant ADMITS that ". . . Plaintiffs are creditors in this proceeding, having filed timely proofs of claim on July 8, 2025 in the amount of $2,580,000.00 representing the Debt (Claim Nos. 2 and 3)."

13. Answering ¶ 13, Defendant ADMITS that ". . . [p]ursuant to this Court's Order and Bankruptcy Rule 4007(c), the deadline to file a complaint to determine the dischargeability of the Debtor's debts is August 22, 2025. This Complaint is therefore timely filed under Bankruptcy Rule 4007(c)."

## THE FINAL JUDGMENT

14. Answering ¶ 14, Defendant DENIES ". . . [t]he Sonoma County Superior Court entered its Final Judgment on January 8, 2024" because the final judgment was entered on January 8, 2023 – one year earlier. As to the remaining allegations in ¶ 14, Defendant asserts that pre-petition docket history of the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

15. Answering ¶ 15, Defendant asserts that the pre-petition docket history of the Appeals Court speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

## THE TRIAL COURT FOUND DEBTOR COMMITTED MULTIPLE ACTS OF CONVERSION AND TRESPASS, AND COMMITTED BATTERY, CONSTITUTING INTENTIONAL INTERFERENCE WITH PLAINTIFFS' BUSINESS.

16. Answering ¶ 16, Defendant asserts that the factual findings from the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

    a. Answering ¶ 16 (a), Defendant asserts that the factual findings from the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

b. Answering ¶ 16 (b), Defendant asserts that the factual findings from the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

c. Answering ¶ 16 (c), Defendant asserts that the factual findings from the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

d. Answering ¶ 16 (d), Defendant asserts that the factual findings from the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

e. Answering ¶ 16 (e), Defendant asserts that the factual findings from the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

f. Answering ¶ 16 (f), Defendant asserts that the factual findings from the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

g. Answering ¶ 16 (g), Defendant asserts that the factual findings from the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

h. Answering ¶ 16 (h), Defendant asserts that the factual findings from the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

i. Answering ¶ 16 (i), Defendant asserts that the factual findings from the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

j. Answering ¶ 16 (j), Defendant asserts that the factual findings from the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

k. Answering ¶ 16 (k), Defendant asserts that the factual findings from the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

l. Answering ¶ 16 (l), Defendant asserts that the factual findings from the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

m. Answering ¶ 16 (m), Defendant asserts that the factual findings from the State Court Suit speaks for itself; no response is required from Defendant. If a response is required, Defendant seeks leave to amend.

## COUNT 1

**(For a Determination That the Debt is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(6))**

17. Answering ¶ 17, the allegations contain legal conclusions and therefore do not require a response from the Defendant. If a response is required, Defendant DENIES the allegations in ¶ 17.

18. Answering ¶ 18, the allegations contain legal conclusions and therefore do not require a response from the Defendant. If a response is required, Defendant DENIES the allegations in ¶ 18.

19. Answering ¶ 19, the allegations contain legal conclusions and therefore do not require a response from the Defendant. If a response is required, Defendant DENIES the allegations in ¶ 19.

20. Answering ¶ 20, the allegations contain legal conclusions and therefore do not require a response from the Defendant. If a response is required, Defendant DENIES the allegations in ¶ 20.

21. Answering ¶ 21, the allegations contain legal conclusions and therefore do not require a response from the Defendant. If a response is required, Defendant DENIES the allegations in ¶ 21.

## PRAYER FOR RELIEF

Defendant requests:

1. Plaintiffs take nothing by way of the Complaint and judgment in Defendant's favor;

2. an award of costs of suit;

3. an award of attorney's fees, if authorized pursuant to contract or statute; and

4. for such further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

1. **Failure to State a Claim**. Defendant alleges the Complaint, and each and every Claim for Relief therein, if any there are, fails to state a claim upon which relief can be granted.

## TWO AFFIRMATIVE DEFENSE

2. **Failure to Plead with Requisite Particularity**. Defendant alleges that the Plaintiffs are barred from recovery because the claims for relief "sounding in fraud" are not pled with particularity. Civil Rule 9(b) also applies to Plaintiff's pleading of the § 523(a)(6) claim. Civil 9(b) requires that Plaintiffs allege with particularity the circumstances constituting fraud or mistake. Plaintiffs have not alleged with particularity the circumstances constituting fraud or mistake.

## THREE AFFIRMATIVE DEFENSE

3. **Lack of Causation**. Plaintiffs' claimed losses and/or damages, the existence of which Defendant specifically DENIES, do not result from the acts or omissions of Defendant, or persons for whom Defendant is legally responsible.

## FOUR AFFIRMATIVE DEFENSE

4. **Business Judgment Rule**. Defendant alleges that Plaintiffs are barred from recovery under the business judgment rule under California state law.

## FIFTH AFFIRMATIVE DEFENSE

5. **Unclean Hands**. Defendant alleges that Plaintiffs' Complaint is barred, by virtue of Plaintiffs' acts and omissions, by the doctrine of unclean hands and/or in pari delicto.

## SIXTH AFFIRMATIVE DEFENSE

6. **Defendant Acted in Good Faith**. Defendant alleges that Plaintiffs' Complaint is barred because Defendant acted at all times in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

7. **No Proximate Causation**. Defendant alleges that Defendant was not the proximate cause of any alleged injury to Plaintiffs, if any.

## EIGTH AFFIRMATIVE DEFENSE

8. **Failure to Mitigate**. Defendant alleges that Plaintiffs' alleged damages, if any, were aggravated by Plaintiffs' failure to use reasonable diligence to mitigate them.

## NINTH AFFIRMATIVE DEFENSE

9. **Plaintiff's Negligence Caused Damages**. Defendant states that, if Plaintiffs were injured (which Defendant DENIES), Plaintiffs' injuries were caused by Plaintiffs' own negligence or other act or omission of themselves.

## TENTH AFFIRMATIVE DEFENSE

10. **Illegality**. Defendant alleges that Plaintiffs are barred from recovery by reason of illegality.

## ELEVENTH AFFIRMATIVE DEFENSE

11. **Improper Party**. Plaintiffs have filed the suit against David Addington, the individual. However, the pre-petition state court lawsuit on which the Complaint is based, *Addington, et al v. Ridgeway Distribution, LLC et al. and related cross-complaints*, Sonoma County Superior Court Case No. SCV-264723 ("State Court Suit"), concerned allegations and related factual findings primarily against David Addington, in Mr. Addington's capacity as manager of Piner Partners, a California General Partnership ("Piner Partners GP"). Additionally, the allegations in the State Court Case concerned allegations against Piner Partners GP. Defendant asserts that that Plaintiffs did not raise allegations against the proper Party Piner Partners, LLC (the proper party). The allegations also do not delineate between allegations against Addington, individually, and Addington, in his capacity as Piner Partners GP. As such there is no privity of

parties.

## **TWELFTH AFFIRMATIVE DEFENSE**

12. As a separate affirmative defense, Defendant alleges Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may come available or apparent during discovery proceedings. Defendant further reserves the right to amend this Answer accordingly and to delete defenses if she determines they are not applicable during the course of discovery and other proceedings in this Adversary Proceeding. Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery and further factual investigation in this case.

Dated: June 9, 2026                              **BELVEDERE LEGAL, PC**

By: /s/ *Matthew D. Metzger*

Matthew D. Metzger
Attorney for Defendant David Preston
Addington

## CERTIFICATE OF SERVICE

I, Matthew D. Metzger, the undersigned, hereby declare:

I am over the age of eighteen years and am not a party to the within-entitled action; my business address is Belvedere Legal, PC, 1777 Borel Place, Suite 314, San Mateo, CA 94402.

On June 9, 2026, I served the attached document(s) entitled:

**ANSWER TO COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT**

on all interested parties in said case addressed as follows:

Ross Jones, on behalf of Plaintiffs Humboldt Growers Network, Inc., a California corporation, and Tobias Dodge, an individual

ross@rossjoneslaw.com

☐ ***BY MAIL***: I placed a true copy of the aforementioned document(s) in a sealed envelope with postage fully paid. I am familiar with Belvedere Legal, APC's practice of collection and processing of mail for delivery by the United States Postal Service on the same day in the ordinary course of business. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

☒ ***BY E-MAIL/NEF:*** Service was accomplished through the Notice of Electronic Filing ("NEF") for parties and counsel who are registered ECF Users.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 9, 2026 at San Mateo, California

Name:                                          /s/ *Matthew D. Metzger*
                                                      Matthew D. Metzger